IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16 CR 133 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| RICHARD G. LEMOINE, JR., | ) | |
| Defendants. | ) | MEMORANDUM OPINION AND ORDER |

This case on remand from the United States Court of Appeals for the Sixth Circuit. Mr. Lemoine pled guilty to one count of receipt of child pornography and one count of possession of child pornography. (ECF #13). He was sentenced to 151 months on each count, with the time to run concurrent. (ECF #18). Approximately one year later, Mr. Lemoine filed a Motion to Vacate Sentence under 28 U.S.C. §2255 claiming, in relevant part, that his trial counsel was constitutionally ineffective for failing to raise the Double Jeopardy Clause at sentencing challenging the indictment as duplicitous, and for advising to him to plead guilty to both charges. (ECF #34). This Court denied his motion and Mr. Lemoine appealed that denial. (ECF #41, 42). On appeal, the Sixth Circuit remanded the case for "further proceedings on Lemoine's double jeopardy-focused ineffective assistance of counsel claims. (ECF #48). The Court held several

conferences, allowed subsequent briefing by the parties and held a hearing by video conference (with Defense counsel present in person) on the remanded issue. (ECF #50, 52, 53, 58, 60). It is clear from the history of the case, as well as the briefing and arguments at the hearing, that the charges in Counts One and Two involved different material, different time frames, and different conduct. Therefore, Mr. Lemoine's conviction on both counts does not violate the Double Jeopardy Clause of the United States Constitution.

All parties acknowledge that charging a defendant separately for receiving and possessing the same prohibited material violates the Double Jeopardy Clause. *United States v. Ehle*, 640 F.3d 689, 698-99 (6th Cir. 2011). Both parties also acknowledge that no double jeopardy violation occurs if the defendant is charged with receiving and possessing child pornography if separate conduct underlies the two offenses. *See, United States v. Dudeck*, 657 F.3d 424, 429 (6th Cir. 2011); *United States v. Bobb*, 577 F.3d 1366, 1374-75 (11th Cir. 2009).

The Court of Appeals noted that the indictment charged Lemoine with receiving child pornography between December 26, 2012 and July 5, 2015 and did not limit the conduct at issue to his activity on Website A. (ECF #1).[1] However, as stated in the factual basis for Mr. Lemoine's plea on each Count, and materials at issue in each Count were distinct and are described differently. (ECF #13). The possession charge relates to at least 697 images and 487 videos (with each video counting as 75 images for sentencing purposes), totaling 37,222 images. (ECF #15). Of these, 84 images on his laptop did not overlap with charges in Count One related

---

[1] The indictment describes the content at issue for each count differently. Only Count 2 specifically charges Mr. Lemoine in connection with images involving a prepubescent minor or minor who has not attained 12 years of age. The PSR does indicate that Mr. Lemoine admitted that the images underlying both offenses involved prepubescent minors.

to downloads from Website A. Further, the possession charges stem from images and videos on his thumbdrive. The factual basis for his plea on Count One is limited to Defendant's use of his computer and does not specifically involve the conduct of downloading any images onto his thumb drive, though it indicates he may have saved the downloaded files on additional storage media.[2] Mr. Lemoine's thumbdrive contained 612 unique images and 477 unique videos, not connected to the Website A downloads targeted in Count One. (ECF #53 at 3). Further, the PSR indicates that Mr. Lemoine admitted that he had collected materials and links from other individuals in addition to accessing Website A and other internet sources as charged in Count One, and that he began viewing child pornography as early as 2010, prior the period of charged conduct in Count One. (ECF #15). Taking into account this information and information gleaned from the Pre-trials and status conferences held during the course of this case, the Court finds that the convictions for Count One and Count Two are clearly supported by separate conduct and involve distinct dates, conduct, and materials. Therefore, there is no Double

---

[2]

In his interview with the FBI, Mr. Lemoine admitted that throughout the course of the relevant time period he would delete some files and would move some files to other storage devices. Although the Court does not rely on the following as justification for its finding that the offense conduct in this case was distinct and separate, there is a strong argument to be made that while temporary possession is part and parcel of a offense for receipt of child pornography, as explained in *Ehle*, retaining possession for extended periods of time, while saving, repeatedly viewing, and otherwise manipulating or utilizing those images should be considered additional separate conduct that supports a separate charge for possession. *Cf, United States v. Ogden*, 685 F.3d 600, 603 (6th Cir. 2012).

Jeopardy Clause violation, and Mr. Lemoine's counsel was not deficient for failing to raise the issue during plea and sentencing proceedings.

IT IS SO ORDERED.

Date: June 18, 2021

Donald C. Nugent
United States District Judge